WESTERN UNION TELEGRAPH COMPANY *v.* BASSETT.

[71 South. 750.]

1.  COMMERCE. *State regulations. Telegraph companies. Negligence in transmitting messages. Limitation of liability. Remoteness.*

    A suit for damages for a mistake in the transmission of a telegram between points in this state where the message had to go out of the state in order to reach its destination, where the contract was made before the Act, Cong. June 18, 1910, ch. 309, section 7, 36 Stat. 544, U. S. Comp. St. 1913, section 8563, including telegraph companies as public service agencies under federal control, was governed by the laws of this state.

2.  NEGLIGENCE IN TRANSMITTING MESSAGE. *Limitations of liability.*

    Under Constitution 1890, paragraph 195, declaring telegraph companies common carriers in their line of business subject to liability as such, a telegraph company cannot limit its liability for negligence in sending a telegram by stipulating against liability in case of unrepeated or cipher messages.

3.  TELEGRAPHS AND TELEPHONES. *Negligence in transmission. Remoteness.*

    Where a defendant telegraph company, received a message for plaintiff, the manager of a base ball team, stating that he could get games "no guarantee," changed the words in transmission to "to guarantee," in consequence of which plaintiff took his team to such game, which he would not have done had the message been correctly transmitted and thereby incurred expenses, the damages were the direct consequence of the negligence and were not too remote to be recoverable.

APPEAL from the circuit court of Lee county.

HON. CLAUDE CLAYTON, Judge.

Suit by Frank H. Bassett against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Sykes & Sykes*, for appellant.

*W. A. Blair*, for appellee.

POTTER, J., delivered the opinion of the court.

This suit was brought in a justice of the peace court and appealed to the circuit court, and from a judgment there for eighty-one dollars and forty cents is appealed here, and is for actual damages for the incorrect transmission of a telegram addressed to the appellee.

Said message was sent from Tupelo, Miss., to Jackson, Miss., and is as follows:

"May 13, 1909, F. H. Bassett, Jackson, Miss. Can get games Friday and Saturday. Sixty forty. No guarantee. Wire answer. [Signed] C. R. Sharp."

In transmitting the telegram from Sharp to Bassett the words "no guarantee" were changed to "to guarantee," and the message as delivered read:

"Can get games Friday and Saturday. Sixty forty. To guarantee. Wire answer."

The appellee paid the charges on the message. And the appellee, being the manager of a baseball team, upon receipt of the message in question called Mr. Sharp, the sendee, over the long distance telephone and told him that he and his baseball team would come to Tupelo. In accordance with this promise, Mr. Bassett went with his team to Tupelo and two games were played, Bassett's team winning both of them; but he received therefor only twenty dollars which was sixty per cent. of the gate receipts. The expenses of his team to Tupelo were one hundred and one dollars and

forty cents, and he sued for this amount less the twenty dollar proceeds from the games played received by him, in all, eighty-one dollars and forty cents, upon the ground that he would not have gone to Tupelo and incurred this expense had not the message above mentioned been so altered in transmission as to indicate that his expenses on the proposed trip were guaranteed.

The message in question was filed at the Tupelo office, and the evidence shows that it was transmitted through the New Orleans, La., office of defendant company, where the mistake in transmission occurred. And the testimony further shows that though Tupelo and Jackson are both points in Mississippi, that messages are necessarily sent to Jackson from Tupelo either by way of New Orleans, La., or Memphis, Tenn.

It is contended by the appellant in this case that in view of the fact that this message was sent to Jackson by way of New Orleans and the error in transmission was made at the relay station of the defendant company in the city of New Orleans, that therefore this case is controlled by the laws of the United States, and that the state laws are superseded with respect to telegraph companies by the act of Congress known as the Carmack Amendment.

The contract in question for the dispatch of this message was made on May 13, 1909, and is controlled by the laws then in force. It was by an act of Congress, approved June 18, 1910, that telegraph, telephone, and cable companies were included in the public service agencies under federal control. Volume 36, p. 544, U. S. Statutes at Large. Until the passage of this act no federal act was in force with reference to contracts of this nature, and this contract was made in this state, and both sender and sendee were here; therefore the law of Mississippi controls in this suit. *Western Union Telegraph Co.* v. *Commercial Milling Co.*, 218 U. S. 406, 31 Sup. Ct. 59, 54 L, Ed, 1088, 36 L. R. A. (N. S.) 220, 21 Ann. Cas. 815.

In the case of *Postal Telegraph Co.* v. *Wells*, 82 Miss. 733, 35 So. 190, our court held that under the Constitution of

1890, paragraph 195, declaring telegraph companies common carriers in their line of business subject to liability as such, a telegraph company cannot limit its liability for negligence in sending a telegram by stipulating against liability in case of unrepeated or cipher messages. We are therefore of the opinion that the stipulation limiting the amount of damages in unrepeated messages was void under the law of Mississippi at the time the message in question was transmitted, and consequently in this case the defendant company is liable for actual damages, unless it is freed from liability upon some other ground.

It is urged however, that the damages are too remote, and that the message in question did not sufficiently put the telegraph company upon its inquiry as to the nature and extent of the damages which would probably grow out of its negligence in incorrectly transmitting the message in question. We think the proof shows that damages sustained were the direct consequence of the appellant's negligence in changing the phrase "no guarantee" to "to guarantee." and that the reading of the message as filed with its agent at Tupelo clearly indicates the nature of the damages likely to have grown out of an incorrect transmission of the message in question.

*Affirmed.*